BOND SALE — EMPLOYMENT OF ATTORNEY The designation of private attorneys by the Oklahoma Capitol Improvement Authority to render the marketing opinion on its $17,500,000.00 Oklahoma Capitol Improvement Authority State Office Building Revenue Bonds, Series A of 1972, and the designation of the fee to be paid said attorneys by the purchaser of the bonds did not come within the prohibitions of 73 O.S. 171 [73-171] (1971), or any other provision of law. The Attorney General has received your request for an opinion wherein you set out the following: "It has come to my attention that the Notice of Sale and Official Statement and Bidding Blank of the Oklahoma Capitol Improvement Authority 17 million 500 thousand dollar State Office Building Revenue Bonds, Series A of 1972 has provision for the payment of an attorney's fee to a specific private attorney not in the employment of the attorney general. "Your attention is further directed to Title 73, Section 171 of the Oklahoma statutes which provides ". . . such Authority shall not employ or pay any sums of money to any private attorney or attorneys. " You then ask, in effect, the question: "Is this an attempt to do indirectly that which is directly prohibited by law and, therefore, in violation of 73 O.S. 171 [73-171] (1971), or other provisions of the Oklahoma statutes, including 62 O.S. 15 [62-15] (1973)? On December 14, 1971, the Oklahoma Capitol Improvement Authority sold at public sale its $17,500,000.00 Oklahoma Capitol Improvement Authority State Office Building Revenue Bonds Series A of 1972. The Official Notice of Sale and the Official Bidding Blank made provision that the purchaser of the bonds pay for the unqualified marketing opinion of specific named private counsel. The Official Statement made the same provision and, in further providing the fee the purchasers were to pay for the opinion, acknowledged that 73 O.S. 171 [73-171] (1971), prohibited the Authority from employing or paying any sum of money to any private attorney or attorneys. Title 73 O.S. 171 [73-171] (1971) states: "It shall be the duty of the Attorney General to represent the Authority in the execution of the provisions of this act, and such Authority shall not employ or pay any sums of money to any private attorney or attorneys." Pursuant to 171 the Office of the Attorney General performed all necessary acts relative to the issuance of the aforementioned bonds. It is apparent that the designation by the Authority of counsel to render the marketing opinion, a legal opinion obtained by the purchaser of bonds to give assurance of the legality of the issue, did not constitute the employment of private attorneys by the Authority. Nor did said designation constitute payment to private attorneys by the Authority as the purchaser of the bonds was required to pay for the opinion. Title 62 O.S. 15 [62-15](b) (1973) provides: "In all proceedings leading to the issuance and sale of revenue bonds by any state agency acting pursuant to a specific legislative validating act, a private attorney or attorneys may be employed when the legislative validating act does not prohibit such employment. The employment contract with said private attorney or attorneys shall be filed of record with the Attorney General. In no case shall the employed private attorney be paid a fee in excess of that authorized in the validating act. If a 'marketing' opinion is desired, the bond buyers shall pay for its procurement." While these provisions were enacted over a year after the issuance of the $17,500,000.00 Series A of 1972 Bonds, thereby not having application to said issue, the provisions do not prohibit designation of private counsel to render the marketing opinion and specifically refer to the bond purchaser paying for said opinion. The designation of counsel to render the marketing opinion did not directly or indirectly give rise to the employment or payment of private counsel by the Authority. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The designation of private attorneys by the Oklahoma Capitol Improvement Authority to render the marketing opinion on its $17,500,000.00 Oklahoma Capitol Improvement Authority State Office Building Revenue Bonds, Series A of 1972, and the designation of the fee to be paid said attorneys by the purchaser of the bonds did not come within the prohibitions of 73 O.S. 171 [73-171] (1971), or any other provision of law. (Mike D. Martin)